JUSTICE TRIEWEILER
concurring and dissenting.
¶25 I concur with all that is said in the majority Opinion regarding the sovereign immunity of Indian tribes, whether or not they have been recognized by the federal government; and, I concur with the majority’s conclusion that the Little Shell Band meets all the common law criteria for recognition as a tribe. Finally, I concur that to the *517 extent that the Appellants’ District Court complaint relates to tribal self-government, the District Court was without jurisdiction to entertain it.
¶26 However, the Appellants’ complaint did not name the Little Shell Tribe as a party. The Appellants’ complaint was brought against Little Shell Tribe of Chippewa Indians of Montana, Inc., a Montana corporation. While I agree that the District Court was without jurisdiction to entertain the complaint to the extent that it affected the election of tribal officials, I disagree that the District Court was without jurisdiction to consider the complaint as it related to officers of that state corporation. The fact that officers of the corporation happened to be the same as the elected officials of the Tribe is irrelevant. That would simply mean that any judgment entered in district court affects the elected officials in their corporate capacity but not as tribal officials.
¶27 The Appellants’ complaint named the corporation and its individual office holders as respondents. For relief, the Appellants sought in part to enjoin the Respondents from 1) destroying election ballots from the November 18, 2000, election; 2) taking further action to seat any person as an officer who did not receive a majority of the votes cast; and 3) from taking further action as officials of the corporation under color of the November 18, 2000, election. The relief sought, while not identified as such, was analogous to that relief provided for in § 35-1-425, MCA, of the Montana Business Corporation Act which provides district courts of this state with jurisdiction to remove any director of a corporation for fraudulent or dishonest conduct or gross abuse of authority when to do so is in the best interests of the corporation.
¶28 Without pre-judging the merits of the Petitioners’ complaint, it strikes me as odd that the Respondents could invoke Montana law to create an artificial entity known as a corporation and at any time rely on the protections and advantages that that artificial distinction creates but not be subject to Montana laws which pertain to the regulation and control of corporate activities.
¶29 I do not agree that this case is in any way controlled by our decision in Flat Center Farms v. State Dept. of Revenue, 2002 MT 140, 310 Mont. 206, 49 P.3d 578. In that case, the question was whether a Montana corporation whose business was conducted solely within the exterior boundaries of the Fort Peck Reservation, and in which there was no non-Indian ownership, was subject to Montana’s corporate license tax. The corporate license tax provides that every corporation *518 “engaged in business” in the state of Montana.must pay an annual license fee “for the privilege of carrying on business in this state....” Section 15-31-101(3), MCA. We held that regardless of the corporate identity of Flat Center Farms, Inc., it was not subject to the license tax because its business was conducted entirely on the Fort Peck Reservation and it did not “carry on business in this state.” In other words, we held that the Tribe was not subject to the corporate license tax by the very terms of the statute which the state sought to enforce. We did not hold that Montana corporations can avoid state laws pertaining to the regulation of corporations simply because they have Indian shareholders.
¶30 What the Petitioners sought in this case was to enforce honest and fair elections of the officers of a Montana corporation. Montana’s district courts have direct jurisdiction to entertain suits related to the conduct of the office holders in Montana corporations. Therefore, to the extent that the District Court’s judgment would have affected the Respondents in their corporate capacity, I conclude that the District Court erred when it dismissed the Petitioners’ complaint by summary judgment. To the extent that the majority hold otherwise, I dissent from the majority Opinion. I agree, however, that whatever judgment the District Court had authority to enter in this case would not have affected the Respondents in their capacity as tribal officials.